107 F.3d 20
 97 CJ C.A.R. 187
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Regina E. CORK, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,* Defendant-Appellee.
 No. 96-5083.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1997.
 
 Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT**
 PORFILIO, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff first filed for disability benefits and supplemental security income (SSI) benefits in September 1989. Her applications were denied, and plaintiff took no further action on those applications. She filed new applications for disability and SSI benefits on December 4, 1990. Plaintiff's applications were denied initially and upon reconsideration, and she then requested a hearing before an administrative law judge (ALJ). The ALJ denied benefits, but the Appeals Council remanded the case to the ALJ for further consideration on specific points. After a supplemental hearing, the ALJ issued a decision denying benefits, and the Appeals Council denied review of the second decision. Plaintiff appealed to the district court,[1] and it affirmed the final decision of the Secretary. Plaintiff now appeals the district court order.
 
 
 3
 Plaintiff complains that she is disabled as a result of emotional instability. Specifically, she claims that she is unable to work because of major depression and anxiety and personality disorders. The ALJ found at step five, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), that plaintiff is functionally capable of performing several jobs that exist in significant numbers in the national economy. He found that plaintiff suffers from severe mental problems, including depression, anxiety, and a personality disorder, but that she retains the residual functional capacity to perform the nonexertional requirements of work, except for performing tasks requiring significant public interaction.
 
 
 4
 The district court, in a very detailed and well-reasoned order, held that the record contains substantial evidence supporting the ALJ's decision. "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). We have reviewed the record, and we affirm for substantially the same reasons set forth in the district court order of January 26, 1996.
 
 
 5
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 The parties agreed to proceed before a United States magistrate judge, pursuant to 28 U.S.C. § 636(c)